UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON BOUYER<br>on behalf of herself and on<br>behalf of others similarly<br>situated,<br><br>      Plaintiff,<br><br>vs.<br><br>ALATRADE FOODS<br>HOLDINGS, INC.<br>and ALATRADE<br>FOODS, INC.<br><br>      Defendants.<br>_____/ | Case No.<br><br>CLASS ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY
TRIAL**

Sharon Bouyer ("Plaintiff") on behalf of herself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against AlaTrade Foods Holdings, Inc., and AlaTrade Foods, Inc. ("Defendants") by and through their counsel allege as follows:

**I.**

**INTRODUCTION**

1.      This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act").

2.      Pursuant to the WARN Act's single employer rule, AlaTrade Foods Holdings, Inc., ("ATFH") and AlaTrade Foods, Inc. ("ATF" and collectively "AlaTrade

1

Entities") were also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a Mass Layoff or Mass Layoffs and/or a Plant Closing ordered by Defendants on or about March 26, 2025, and thereafter.

3. The AlaTrade Entities are liable under the WARN Act for the failure to provide at least 60 days' advance notice of their termination to approximately 200 employees, as required by the WARN Act.

II.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.

5. Venue is proper because facts material to the claims set forth herein occurred in the Middle District of Alabama.

6. At all times material to this action, Defendant AlaTrade Foods Holdings, Inc., ("ATFH") is a domestic corporation, conducting business in Phenix City, Alabama.

7. At all times material to this action, Defendant AlaTrade Foods, Inc. ("ATF) is a domestic corporation, conducting business in Phenix City, Alabama.

8. Sharon Bouyer was employed by the AlaTrade Entities since 2020 and her most recent title was Production Accountant. At all material times, she has been a resident of Barbour County, Alabama.

9. At all times material to this action, the Plaintiff was an employee of the AlaTrade Entities for purposes of the WARN Act.

10. At all times material to this action, the AlaTrade Entities were the employer of Plaintiff for purposes of the WARN Act.

11. The AlaTrade Entities' office is located at 6 Downing Dr, Phenix City, AL 36869 (the "Facility").

12. ATFH and ATF had common ownership.

13. Upon information and belief, ATFH and ATF had common directors and officers.

14. ATFH and ATF had de facto exercise of control by the same individuals.

15. ATFH and ATF had unity of personnel policies.

16. ATFH and ATF had dependency of operations.

17. Until on or about March 27, 2025, Plaintiffs and all other similarly situated employees, were employed by Defendants (i.e. the Ala Trade Entities) as a single employer and worked at, or reported to, or were assigned work from the Phenix City, AL Facility ("Other Similarly Situated Employees").

### III.

### GENERAL ALLEGATIONS

18. ATF is a poultry company with various locations throughout the State of Alabama.

19. The AlaTrade Entities employed approximately 290 employees including Plaintiff at the Phenix City, AL Facility.

20. On or about March 27, 2025, the AlaTrade Entities informed the Plaintiff and others similarly situated that their employment was terminated.[1]

21. The Plaintiff and others similarly situated were not provided with advanced notice of their terminations.

22. Plaintiff and others similarly situated were terminated as part of the plant shutdown or mass layoff which included approximately 165 employees.

---

[1] The Plaintiff Sharon Bouyer was terminated on our about March 27, 2025, with an effective last day of work scheduled for April 25, 2025.

23.     Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

IV.

**WARN ACT ALLEGATIONS**

24.     Plaintiff and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

25.     At all relevant times, the employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

26.     At all relevant times, ATF was an "employer" of the Class Members as that term is defined by the WARN Act.

27.     At all relevant times, ATFH was an "employer" of the Class Members as that term is defined by the WARN Act.

28.     On or about March 27, 2025, the Defendants ordered "plant shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

29.     The AlaTrade Entities' actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

30.     The Defendants' termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

31. The Plaintiff and each of the Class Members who were employed by Defendants and then terminated by Defendants as a result of Defendants' executing plant shutdowns or mass layoffs were "affected employees" as defined by the WARN Act.

32. The Plaintiffs and each of the Class Members are "aggrieved employees" of the AlaTrade Entities as that term is defined by the WARN Act.

33. Pursuant to the WARN Act, the AlaTrade Entities were required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

34. Pursuant to the WARN Act, the AlaTrade Entities were required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to government officials, explaining why the sixty (60) days prior notice was not given.

35. The AlaTrade Entities failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

36. The AlaTrade Entities failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

37. As a result of the AlaTrade Entities' failure to pay the wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

38. All administrative notice requirements and prerequisites have been satisfied.

V.

**CLASS ACTION ALLEGATIONS**

39. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act on behalf of themselves and a class of employees who worked at or reported to the AlaTrade Entities Phenix City, AL Facility and were laid off without cause by the AlaTrade Entities as part, or as the reasonably foreseeable result, of plant shutdowns or mass layoffs ordered by the AlaTrade Entities at the Facility (the "Class") on or about March 26, 2025, and were not provided with the required advanced notice of the termination.

40. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately 165 potential class members.

41. There are questions of law and fact common to the Class Members, namely:

  i. Whether the Class Members were employees of the AlaTrade Entities who worked at or reported to the Defendants' Phenix City, AL Facility;

  ii. Whether the AlaTrade Entities ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

  iii. Whether the AlaTrade Entities were subject to any of the defenses provided for in the WARN Act.

42. The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff and did not receive the requisite notice.

43. The representative parties will fairly and adequately protect the interests of

the class.

44. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation, including WARN Act litigation.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of the WARN Act – where the individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and the adjudications with respect to individual Class Members would be dispositive of the interests of other members.

46. The AlaTrade Entities acted on grounds that apply generally to the Class.

47. The questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    i. Whether the Class Members were employees of the AlaTrade Entities who worked at or reported to the Defendants' Phenix, City, AL Facility;

    ii. Whether the AlaTrade Entities ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

    iii. Whether the AlaTrade Entities were subject to any of the defenses provided for in the WARN Act.

## VI.

## COUNT I

## **VIOLATIONS OF THE WARN ACT**

48. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 47 as if fully stated herein.

49. The AlaTrade Entities' failure to provide Plaintiff and others similarly situated advanced written notice of their layoffs constitutes a violation of the WARN Act.

50. Plaintiffs have suffered as a result of this failure to provide advanced notice of the layoff.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

i. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

ii. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single Class;

iii. Designation of Plaintiffs Sharon Bouyer as Class Representative;

iv. Appointment of the undersigned attorneys as Class Counsel;

v. Interest as allowed by law on the amounts owed under the preceding paragraphs;

vi. The reasonable attorneys' fees and the costs and disbursements the

          Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

vii.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable as of right.

Dated: April 23, 2025

                                Respectfully submitted,

                                /s/ Larry Golston
                              W. Daniel "Dee" Miles, III
                              Larry A. Golston
                              Leon Hampton, Jr.
                              Jessi M. Haynes
                              Attorneys for Plaintiffs

OF COUNSEL:
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555
Dee.miles@beasleyallen.com
Larry.golston@beasleyallen.com
Leon.hampton@beasleyallen.com
Jessi.haynes.@beasleyallen.com